AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>BOBBI A. CONSTANTINE,<br>　a/k/a Bobbi Bove,<br>　a/k/a Robert H. Bove,<br>　a/k/a Robert A. Bove,<br>　a/k/a Robert A. Bovie,<br>　a/k/a Robert Bovee,<br>　a/k/a Robert Boviee,<br>　　　**Defendant** | Case No. 1:17-MJ-110-DJS<br><br>U.S. DISTRICT COURT<br>N.D. OF N.Y.<br>FILED<br>MAR 16 2017<br>LAWRENCE K. BAERMAN, CLERK<br>ALBANY |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 2014 through September 13, 2016, in the county of Albany in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |
| 42 U.S.C. § 1383a | Supplemental Security Income Fraud |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

Attested to by the Applicant in Accordance with the Requirements of Rule 4.1 of the Federal Rules of Criminal Procedure.

Sworn to before me and signed in my presence.

Date: March 16, 2017

City and State:   Albany, NY

*Complainant's signature*
Postal Inspector Brendan T. Donahue, USPIS
*Printed name and title*

*Judge's signature*
Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Brendan Donahue, a Postal Inspector with the United States Postal Inspection Service, being duly sworn, depose and state as follows:

## INTRODUCTION

1. This affidavit is made in support of a criminal complaint charging Bobbi Constantine, a/k/a Bobbi Bove, a/k/a Robert H. Bove, a/k/a Robert A. Bove, a/k/a Robert A. Bovie, a/k/a Robert Bovee, a/k/a Robert Boviee (CONSTANTINE) with violations of Title 18, United States Code, Section 1343 (wire fraud) and Title 42, United States Code, Section 1383a (Supplemental Security Income fraud).

2. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been since April 2012. I am currently assigned to the Boston Division Headquarters Money Laundering Investigations and Mail Fraud Team of the USPIS's Boston Division. I conduct criminal investigations in the USPIS's Boston Division territory which encompasses the Northern District of New York. In addition, I was previously assigned to the USPIS Troy, NY Domicile and I also previously served as a Task Force Officer with the U.S. Department of Homeland Security Investigations, Border Task Force, in Rouses Point, NY. I am also currently the United States Postal Inspection Service Liaison to the Royal Canadian Mounted Police Center for Operations Linked to Telemarketing Fraud (Project COLT) in Montreal, Quebec, Canada. Prior to my appointment as a Postal Inspector I served as a police officer with the Watertown, MA Police Department from 2011 to 2012 and prior to that I served as a police officer with the Shrewsbury, MA Police Department from 2006 to 2011. I am an investigative or law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an

officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

3. The statements in this affidavit are based in part on information developed by your affiant and on my investigation of this matter and the investigation of other law enforcement officers including New York State Police (NYSP) Investigator Timothy Marten, Special Agent Nicole McNamee-Wicks of the Social Security Administration, Office of Inspector General (SSA-OIG), Postal Inspector Jamie Levin, Postal Inspector Joseph Kelly, and Special Agent Diana Feeser of the United States Postal Service Office of the Inspector General (USPS-OIG). I have set forth only those facts that I believe are necessary to establish probable cause to believe that Bobbi Constantine has committed wire fraud and Supplemental Security Income fraud, in violation of Title 18, United States Code, Section 1343 and Title 42, United States Code, Section 1383a.

## APPLICABLE LAW

4. Relevant portions of the above-referenced federal criminal statutes are set forth below.

### Wire Fraud

5. Title 18, United States Code, Section 1343, entitled "Fraud by wire, radio, or television," provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

### Supplemental Security Income Fraud

6. Title 42, United States Code, Section 1383a, entitled "Penalties for Fraud," provides:

> Whoever – (1) knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any application for any benefit under [subchapter XVI of Title 42, entitled "Supplemental Security Income for

2

Aged, Blind, and Disabled"], (2) at any time knowingly and willfully makes or causes to be made any false statement or representation of a material fact for use in determining rights to any such benefit, [or] (3) having knowledge of the occurrence of any event affecting (A) his initial or continued right to any such benefit . . . conceals or fails to disclose such event with an intent fraudulently to secure such benefit either in a greater amount or quantity than is due or when no such benefit is authorized, shall be [guilty of a crime].

## SUMMARY OF THE INVESTIGATION

7. I am currently investigating the schemes of CONSTANTINE to defraud financial institutions, lenders and individuals through the use of a fictitious trust, known as the CONSTANTINE IRREVOCABLE TRUST, and to defraud the United States Social Security Administration (SSA) through her application for and receipt of Social Security Supplemental Security Income (SSI) payments to which she was not entitled.

8. As detailed below, my investigation has revealed that there is probable cause to believe that CONSTANTINE has defrauded financial institutions and individuals by providing false information concerning her income and status as the beneficiary of a multi-million-dollar trust, and has defrauded SSA by under-reporting her income and assets in order to qualify for SSI, a needs-based program.

## BACKGROUND

9. On September 6, 2016, I was contacted by Investigator Timothy Marten of the NYSP, who reported that he had been contacted by an employee of First Niagara Bank in Loudonville, NY in regards to CONSTANTINE. Investigator Marten was informed by that bank employee that CONSTANTINE had informed the bank employee that she had been hired by the United States Postal Service ("USPS") as a Postal Inspector. CONSTANTINE also presented a USPS identification badge to the bank employee. Investigator Marten contacted me out of concern that CONSTANTINE was falsely presenting himself as a Postal Inspector.

10. At the time Investigator Marten reported CONSTANTINE's conduct, the United States Postal Inspection Service (USPIS) Albany, NY Domicile only had five Postal Inspectors assigned to it and all were personally known to me, I knew that CONSTANTINE was not employed as a Postal Inspector. Furthermore, I recognized CONSTANTINE's name and knew that CONSTANTINE was formerly known as Robert BOVE (BOVE) as I was familiar with a previous investigation of CONSTANTINE for fraud in Albany County, NY by the New York State Police for which CONSTANTINE was charged and convicted. I was also previously aware that CONSTANTINE had a significant criminal history for fraud-related charges.

11. Because CONSTANTINE had reportedly shown the First Niagara Bank employee a USPS identification badge, I queried the USPS employee database on September 6, 2016, in order to ascertain whether or not CONSTANTINE was employed by the USPS. As a result of that query, I determined that CONSTANTINE was in fact employed by USPS as a City Carrier Assistant[1] at the Troy, NY Post Office, 400 Broadway, Troy, NY 12180.

12. On September 6, 2016, I contacted USPS Human Resources and requested a copy of CONSTANTINE's employment application. On September 6, 2016, I received a copy of CONSTANTINE's employment application including a copy of CONSTANTINE's Online PS Form 2591, *Application for Employment* and PS Form 61, *Appointment Affidavit*.

13. On September 6, 2016, I reviewed CONSTANTINE's Online PS Form 2591, *Application for Employment*. I specifically reviewed Section E.7 of CONSTANTINE's Online PS Form 2951, the section for the disclosure of an applicant's criminal history, which reads in part, "All felony and misdemeanor convictions and all convictions in state and federal courts are criminal

---

[1] A City Carrier Assistant is the equivalent of a letter carrier and is responsible for the delivery of U.S. Mail.

convictions and must be disclosed..." I identified that CONSTANTINE answered in the "NO" section, indicating that She had no reportable criminal history. Furthermore, CONSTANTINE's negative response to Section E.7 was dated "5/26/16" and initialed "BC," which indicated she reviewed and affirmed her response to the specific question with the interviewing USPS official. I also reviewed Section G, which was a certification of CONSTANTINE's application and her statements on that application. I later learned from United States Postal Service Office of Inspector General ("USPS OIG") Special Agent Diana Feeser that CONSTANTINE reviewed her Online PS Form 2591, *Application for Employment*, and the statements contained therein with Troy, NY Postmaster Thomas Galligan at the Troy, NY Post Office on May 26, 2016. The Troy, NY Post Office is located in Rensselaer County in the Northern District of New York. CONSTANTINE electronically signed the certification section and then signed the certification by hand on "5/26/16."

14. On September 6, 2016, I also reviewed Section C., *Work History*, of CONSTANTINE's Online PS Form 2591, *Application for Employment*. CONSTANTINE reported that she was employed with FIRENZE PROPERTY SOLUTIONS, 18657 Route 50, Orlando, FL 36588 from September 2000 until January 8, 2016.

15. On September 8, 2016, I obtained a copy of CONSTANTINE's New York State Criminal History and matched the Social Security Number appearing on the criminal history to CONSTANTINE's PS Form 61, *Appointment Affidavit*. CONSTANTINE's criminal history lists several aliases including Robert BOVE. CONSTANTINE's criminal history lists numerous felony and misdemeanor charges and it also includes convictions for both felony and misdemeanor charges including a conviction upon a plea of guilty to Possession of a Forged Instrument, New York Penal Law 170.25 on February 25, 2008.

16. CONSTANTINE's New York State Criminal History shows that CONSTANTINE was incarcerated by the New York State Department of Corrections and Community Services from February 28, 2008, until February 27, 2014. According to CONSTANTINE's New York State Criminal History, she was incarcerated for a violation of New York State Penal Law 155.40, Attempted Grand Larceny. CONSTANTINE's period of incarceration is during the period that she reported she was employed by FIRENZE PROPERTY SOLUTIONS.

## THE CURRENT INVESTIGATION

<u>The Constantine Irrevocable Trust Fraud Scheme</u>

17. On September 12, 2016, I applied for and received an arrest warrant for CONSTANTINE from the Honorable Daniel J. Stewart, U.S. Magistrate Judge, for CONSTANTINE's violation of Title 18, United States Code, Section 1001(a)(3) (False Statements). On September 13, 2016, I arrested CONSTANTINE on that arrest warrant when she arrived at the Post Office to begin work, and she made her initial appearance at U.S. District Court in Albany, New York.[2] Following CONSTANTINE's arrest, CONSTANTINE met with representatives of the U.S. Probation Office, Pretrial Services. CONSTANTINE was asked to identify her ownership interest in any real property. CONSTANTINE also executed and provided to the Court, under penalty of perjury, a financial affidavit, for purposes of appointment of counsel under the Criminal Justice Act.

18. On September 14, 2016, I identified through a search of CLEAR, a commercial information database, and public records, that CONSTANTINE owned a piece of real property in Horry County, South Carolina. That piece of property was specifically identified as a

---

[2] On December 7, 2016, a federal grand jury in the Northern District of New York returned an indictment, No. 1:16-CR-366, charging CONSTANTINE with false statements, in violation of 18 U.S.C. § 1001(a)(3) in connection with the conduct set forth in paragraphs 9 through 16, above.

condominium located at 5101 N. Ocean Blvd., Apt 2, North Myrtle Beach, South Carolina, 29852 (the "Myrtle Beach Condominium"). CONSTANTINE failed to disclose the Myrtle Beach Condominium to the Court or the U.S. Probation Officer on September 12, 2016.

19. On or about September 16, 2016, USPS-OIG Special Agent Diana Feeser reviewed CONSTANTINE's New York State Parole file. That file included a November 4, 2014 letter from P.B. of Saratoga Springs, NY, addressed to "To Whom It May Concern." (The "P.B. Letter"). The P.B. Letter represented that CONSTANTINE was the sole beneficiary of the CONSTANTINE FAMILY IRREVOCABLE TRUST. The letter also represented that the trust generated annual income of approximately $53,000 and that it held assets including over $2,000,000 in growth stock. Furthermore, the P.B. Letter stated that CONSTANTINE was the beneficiary of another trust that paid her approximately $2,000 per month. CONSTANTINE did not disclose THE CONSTANTINE FAMILY IRREVOCABLE TRUST, the unidentified other trust, or her status as the purported sole beneficiary of any trust, to the Court or the U.S. probation Officer on September 16, 2016.

20. After the government called the existence and status of any trust into question at one of CONSTANTINE's detention hearings, on or about September 26, 2016, P.B., through CONSTANTINE's defense counsel, provided the United States Attorney's Office with a copy of an Irrevocable Living Trust Agreement that purportedly established THE CONSTANTINE IRREVOCABLE TRUST (the "Trust Agreement").

21. The Trust Agreement identifies the "Trustor" as Mary Ann Constantine of Oviedo County, Florida and the "Trustee" as Robert Bove. I conducted a search of CLEAR for Mary Ann Constantine of Oviedo County, Florida, which produced negative results. I compared Mary Ann Constantine's signature, as it appears on THE CONSTANTINE IRREVOCABLE TRUST, to

CONSTANTINE's signature on the Online PS Form 2591, Application for Employment, that CONSTANTINE submitted to the USPS. The handwriting appears to be nearly identical.

22. The Trust Agreement purports to have subscribed and sworn by the "Trustor," Mary Ann Constantine, before L.N., Notary Public, in the State of Florida on October 25, 2014. The trust was also subscribed and sworn by Bove, as "Trustee," and notarized by P.B., on an unspecified date.

23. On October 3, 2016, I interviewed L.N. via phone. She informed me that she had never notarized a document for Mary Ann Constantine. L.N. was shown a copy of the Trust Agreement that purportedly bore her signature and notary seal. She informed me that while her signature was on the document, she never notarized or signed the document. She stated that it appeared that it was a forgery and that her information, including signature, was likely "photo shopped" onto the document. L.N. was disturbed and upset that the document bore her notary seal and signature.

24. The Trust Agreement's Schedule "A-1-3" purports to reflect that the CONSTANTINE FAMILY TRUST FUND held assets of $12,548,254.32 in cash stocks and property.

25. The Trust Agreement's Schedule "B" purports to reflect the trustor's disposition of tangible personal property into the CONSTANTINE FAMILY IRREVOCABLE TRUST, specifically an account at Wachovia Bank and real properties at 253 Bradenton Beach FL, 34217, and a "villa in Firenze Italy".

26. The Trust Agreement's Schedule "A-1 of 3" lists the CONSTANTINE FAMILY IRREVOCABLE TRUST's purported stock holdings, valued at $6,246,386.50.

27. On September 29, 2016, I interviewed P.B. by phone. He informed me that it was his understanding that the Trust Agreement was prepared by Mary Anne Constantine's attorney in Florida. P.B. did not know who specifically prepared it. P.B. also stated that he had never met or

talked with Mary Anne Constantine. P.B. stated that CONSTANTINE, then known as Bove, brought the trust documents to his office where he reviewed the documents to ensure they were in order and then notarized the documents. P.B. said that once the trust documents are signed by "the grantor," the trust is in effect. P.B. also said that he reviewed "Schedule A" of the trust, detailing the purported substantial stock holdings of the trust, but that he never saw any supporting documentation to substantiate that the stock holdings actually existed. P.B. said that he handled the closing for CONSTANTINE's property at 135 Shaker Road, Albany, New York. P.B. stated that when he first met CONSTANTINE, CONSTANTINE was unable to communicate verbally and that they had to communicate by writing notes on paper. P.B. also said that he was able to communicate with CONSTANTINE with an "app" that she had on her phone.

28. On October 19, 2016, P.B. was again interviewed in regards to THE CONSTANTINE IRREVOCABLE TRUST and during that interview P.B. stated that CONSTANTINE had maintained an E*TRADE account, presumably for assets held in THE CONSTANTINE IRREVOCABLE TRUST. E*TRADE is a financial services and brokerage firm. P.B. also stated that he knew that CONSTANTINE had met with G.M. of Charles Schwab, another financial services and brokerage firm, and that CONSTANTINE had transferred or was going to transfer assets to Charles Schwab.

29. Records obtained during the investigation from E*TRADE showed that or about August 9, 2015, CONSTANTINE established an individual brokerage account in her name with E*TRADE. I reviewed records provided by E*TRADE and those records show that between August 9, 2015 and October 31, 2015, CONSTANTINE's E*TRADE account had a high balance of $20 and the account was closed on or about October 13, 2015 via a check that was made payable to CONSTANTINE.

30. Records obtained during the investigation from Charles Schwab showed that on or about March 1, 2016, CONSTANTINE completed a Charles Schwab Trust Account Application for THE CONSTANTINE FAMILY IRREVOCABLE TRUST. CONSTANTINE is listed as the "Trustee" on the application and the "Grantor" is listed as Mary Ann Constantine. According to the application, Mary Ann Constantine was deceased and died on October 14, 2014. Records provided by Charles Schwab also included a partial copy of the aforementioned THE CONSTANTINE IRREVOABLE TRUST document. Records provided by Charles Schwab also show that CONSTANTINE established an individual brokerage account on or about May 30, 2016. I reviewed CONSTANTINE's account statements and that review showed that only a small amount of money was ever maintained in CONSTANTINE's account.

31. Based on the aforementioned facts and my training and experience, I believe that the Trust Agreement is fraudulent, and that THE CONSTANTINE IRREVOCABLE TRUST does not exist and/or never held the millions of dollars of assets set forth in its Schedules and referenced in the P.B. Letter.

32. In her PS Form 2591, Application for Employment, CONSTANTINE listed her address as 135 Shaker Rd., Albany, NY 12211 (the "Shaker Road Property"). On October 7, 2016, I conducted a search the Albany County Clerk public records for records relative to CONSTANTINE, BOVE and CONSTANTINE's residence at the Shaker Road Property. I reviewed relevant records, which reflected the following:

    a. On December 2, 2014, D.G. sold CONSTANTINE, then known as BOVE, the Shaker Road Property for $205,000.

    b. On December 2, 2014, Community First National Bank (CFNB) of Overland, KS originated a Federal Housing Administration (FHA) mortgage for CONSTANTINE, then known as BOVE, in the amount of $200,873, for the purchase of the Shaker Road Property. I have reviewed CONSTANTINE's Uniform Residential Loan Application, which was provided by CFNB. In the application, CONSTANTINE certified that her monthly income

10

consisted of $808 of Social Security Disability benefits and $4,400 of income from a trust. Records obtained from the Department of Housing and Urban Development reflect that both the P.B. Letter and the fraudulent Trust Agreement described above were received as verification of the trust income. The deed for the Shaker Road Property was recorded in the name BOVE.

    c. On December 22, 2014, CONSTANTINE, then known as BOVE, transferred the deed for the property at the Shaker Road Property to THE CONSTANTINE IRREVOCABLE TRUST, Robert H. Bove, Trustee.

    d. On June 22, 2016, CONSTANTINE obtained a "Loan Modification Agreement" from Vanderbilt Mortgage and Finance Inc. of Maryville, TN for a mortgage in the amount of $150,401.07 for the property at the Shaker Road Property. The official loan document references the real property described in EXHIBIT "A" which provides a legal description of the property. EXHIBIT "A" identifies the property as being conveyed by deed from BOVE to THE CONSTANTINE IRREVOCABLE TRUST. A signature and seal of a notary public reflect that CONSTANTINE signed the Loan Modification Agreement on June 28, 2016, in Albany County, NY.

    e. On June 22, 2016, CONSTANTINE obtained a "Partial Claim Mortgage" from the Secretary of Housing and Urban Development for a mortgage in the amount of $59,536.90. CONSTANTINE signed the "Partial Claim Mortgage" on June 28, 2016, in Albany County, NY as indicated by the signature and seal of the notary public.

    f. On July 5, 2016, the Community First National Bank mortgage was transferred from Community First National Bank of Overland, KS to Vanderbilt Mortgage and Finance Inc. of Maryville, TN.

    g. On August 16, 2016, THE CONSTANTINE IRREVOCABLE TRUST, Robert Bove, Trustee, transferred the deed for the Shaker Road Property to CONSTANTINE.

33. On November 1, 2016, I interviewed J.G., a realtor with Coldwell Banker, who served as CONSTANTINE's realtor for the purchase of the Shaker Road Property. Garlock stated that she communicated with CONSTANTINE concerning the purchase at the email address robertconst45@yahoo.com, and provided me a copy of an October 16, 2014 email string reflecting her communications with CONSTANTINE, at that email address.

34. Garlock stated that after CONSTANTINE purchased the Shaker Road Property, CONSTANTINE contacted her again in June 2015 and stated that she wanted to purchase a second property, and began communicating with Garlock using a new e-mail address:

11

bobbiconstantine@yahoo.com. Garlock assisted CONSTANTINE in her attempt to purchase a second property, 3021-3025 Aarons Way, Argyle, NY, a four-unit property, for $200,340, however the sale of the property was never completed due to CONSTANTINE's inability to secure a mortgage.

35. Garlock stated that CONSTANTINE had a "FORENSIC PSYCHOLOGIST" placard in the windshield of her car, and a personalized license plate that indicated she was a forensic psychologist.

36. Garlock also stated that she had communicated with a purported trustee for the CONSTANTINE FAMILY TRUST, a Christopher BOUVIER, at the email address constantinefamilytrust@gmail.com.

37. Records obtained from Quicken Loans reflect that CONSTANTINE also applied for and obtained a mortgage, in the name of Robert Bove, for a $131,000 loan for the purchase of the North Myrtle Beach Condominium. The note is dated July 1, 2016. CONSTANTINE's May 12, 2016 Uniform Residential Loan Application indicates that Bove's monthly income was comprised of $733 from Social Security and $3,800 of "Trust Income." In support of the mortgage application, CONSTANTINE provided to Quicken Loans a copy of the fraudulent CONSTANTINE IRREVOCABLE TRUST agreement described above, including Schedule A-1-3, indicating that the trust held $12,548,254.32 in cash stocks and property.

38. On or about September 26, 2016, I received records from E.W. of Albemarle, NC. E.W. is the former owner of CONSTANTINE's South Carolina property, the Myrtle Beach Condominium. Those records included a promissory note for $25,000.00, dated June 30, 2016, from the CONSTANTINE IRREVOCABLE TRUST, 135 Shaker Rd, Albany, NY 12211 (the "Promissory Note"). The Promissory Note lists the borrower as CONSTANTINE

IRREVOCABLE TRUST and the lender as E.W. The Promissory Note requires THE CONSTANTINE IRREVOCABLE TRUST to make monthly interest-only payments of $98.28 beginning August 1st, 2016, and then a balloon payment of $25,000.00 on February 1, 2017. The Promissory Note was signed by CONSTANTINE on June 30, 2016. On or about September 26, 2016, I spoke to E.W., who confirmed that he had received one payment of $98.28, but that he had not received the payment that was due September 1, 2016.

39. The Promissory Note was witnessed by a "Christopher Bouvier" of 135 Shaker Rd., Albany, NY 12211. Email correspondence obtained from E.W. reflects that "Christopher Bouvier," using the title "Administrative Trustee" of the CONSTANTINE FAMILY IRREVOCABLE TRUST, communicated with E.W. about the sale, at ewest@fourseasonsncrealestate.com, using the email account constantinefamilytrust@gmail.com, including on June 29, 2016. The email correspondence from "Christopher Bouvier" also stated that "Bobbi . . . will be texting you."

40. On October 7, 2016, I conducted a search of CLEAR for a Christopher Bouvier at 135 Shaker Rd., Albany, NY 12211. The search produced no results.

41. On October 17, 2016, I and other law enforcement officers executed a search warrant at CONSTANTINE's 135 Shaker Road residence and seized documents and records, including electronic records, including but not limited to the following:

    a. A Quicken Loans Estimate for a loan to Robert Bove, 135 Shaker Rd., Albany, NY 12211 for the purchase of 5101 N Ocean Blvd Apt 2, North Myrtle Beach, SC 29582.

    b. A Charles Schwab Portfolio Review Document for Bobbi CONSTANTINE.

    c. A Charles Schwab Trust Account application. The full legal name of applicant is The Constantine Family Irrevocable Trust. The grantor is Mary Ann Constantine. The entity agent is Bobbi Alexandria Constantine.

    d. A Bobbi Alexandria Constantine/Constantine Family Trust and E.W. contract for 5101 N. Ocean Blvd., Unit 2, North Myrtle Beach, SC. The contract is signed by Bobbi A Constantine, POA, with a date of 02-21-16.

    e. A deed and tax papers for The Constantine Irrevocable Trust 135 Shaker Rd., Albany, NY.

    f. A deed showing the transfer of 135 Shaker Rd., Albany, NY from The CONSTANTINE IRREVOCABLE TRUST to CONSTANTINE.

    g. A 06-28-16 letter from Quicken Loans to Robert Bove, 135 Shaker Rd., Albany, NY informing Bove of the final approval of financing for the purchase of 5101 N. Ocean Blvd, Apt 2, North Myrtle Beach, SC 29582.

    h. A 03-11-16 fax from CONSANTINE to Matthew Rice, Vanderbilt Mortgage and Finance in regards to CONSTANTINES entrance into the FHA Title II Making Home Affordable Modification Program for 135 Shaker Rd., Albany, NY 12211.

    i. An 11-04-14 letter of attorney P.B. regarding the amount of income purportedly generated by the Constantine Family Irrevocable Trust.

    j. A 01-04-14 Microsoft Word Document version of the P.B. letter in regards to income generated by the Robert Bove/Constantine Family Irrevocable Trust.

    k. A 01-21-14 Richard Getz Jr. letter on Firenze Property Solutions letterhead in which the letter serves as a reference for CONSTANTINE and attests to her employment as Getz's Administrative Assistant from 2000 to 2013.[3]

    l. A Quicken Loans pre-approval letter to Bobbi Constantine, 135 Shaker Rd, Albany, NY 12211, for the purchase of 3021-3025 Aarons Way, Argyle, NY 12809.

    m. A Scottrade Brokerage Account Application for the CONSTANTINE FAMILY IRREVOCABLE TRUST. The application is signed by CONSTANTINE and dated 08-06-14.

    n. A 01-14-16 Social Security Administration letter to Robert Bove, 135 Shaker Rd., Albany, NY 12211.

    o. A Northway Motor Car Corp lease agreement with The Constantine Irrevocable Trust/Robert Bove for the lease of a 2015 Toyota Rav 4.

    p. The CONSTANTINE IRREVOCABLE TRUST DOCUMENTS referenced in paragraph 20, above.

---

[3] On an August 17, 2009 Parole Evaluation Data Sheet obtained from the New York State Department of Corrections and Community Supervision, CONSTANTINE, then known as Bove, listed Richard Getz as his father-in-law.

  q. A charlesSCHWAB brokerage account fund listing for "ConstTrust", Account 1100-4869, and "RBove," Account XXXX-9291, which show a combined total account value of $8,103,799.00.

  r. A 03-04-16 attorney P.B. letter regarding Robert Bove/Constantine Family Irrevocable Trust letter attesting to the income purportedly generated by the CONSTANTINE FAMLY IRREVOCABLE TRUST.

  42. As part of the investigation I also identified various vehicles that CONSTANTINE had purchased, including a 2016 Jeep Renegade and a 2015 Toyota Rav 4. The 2016 Jeep Renegade was determined to have been purchased through Zappone Chrysler Jeep Dodge Ram in Clifton Park, NY on or about May 24, 2016. I determined through investigation that CONSTANTINE had leased the Jeep through Chrysler Capital. As part of the investigation I reviewed records provided by Chrysler Capital and as part of the lease process, CONSTANTINE completed a "Business Credit Application." I reviewed that application and it showed that the application was made in the name of the "constantine family irrv trt," and principal's last name was listed as "bobby constantine." The "guarantor" on the application was listed as "robert bove." The application also lists that BOVE, *i.e.* CONSTANTINE, owned their home outright and was employed as a "psycholoist." [sic]. CONSTANTINE signed the application on May 24, 2016 as both "Bobbi Constantine Trustee" and "Robert Bove." Chrysler Capital records show that the Jeep had an invoice price of $30,008.00. On September 14, 2016, at the time of CONSTANTINE's arrest, I viewed that she had driven the 2016 Jeep Renegade and which bore the New York license plate "FOR PSYCH" to the US Post Office in Troy, NY. On March 15, 2017, I conducted a check of the New York Registry of Motor Vehicles for the license plate "FOR PSYCH" and those records showed that vehicle was registered to the "CONSTNT FAM IRRV TST." The 2015 Toyota Rav 4 was determined to have been purchased from Northway Toyota in Latham, NY. As part of the investigation, I reviewed records provided by Northway Toyota and those records showed that on or about December 19, 2014, CONSTANTINE leased the 2015

15

Toyota Rav 4 through Toyota Financial Services. As part of the leasing process, CONSTANTINE completed a financing application. That application shows that the Lessee was "THE CONSTANTINE IRREVOCABLE TRU, ROBERT BOVE, 135 SHAKER RD, ALBANY, NY 12211." The application was signed by "Robert Bove, Trustee." The application also showed a base MSRP for the Toyota Rav 4 of $27,525.00. Records provided by Northway Toyota also included handwritten notes from CONSTANTINE which included: "By the way. The car has to be reg to constantine family irrec Trust fund!" and "I Know 12m Dollars trust, There are 58 pages!"

<u>The Supplemental Security Income Fraud Scheme</u>

43. On October 3, 2016, I learned from Special Agent Nicole McNamee-Wicks of the SSA-OIG, that CONSTANTINE, then known as BOVE, applied for SSI, alleging that he suffered from impairments, including deafness, that caused him to stop working on February 1, 2008. SSI is a federal income supplement program funded by general tax revenues to help aged, blind and disabled people who have little to no income and limited resources.

44. Based upon CONSTANTINE's March 2014 application, SSA found that CONSTANTINE, then known as BOVE, met the medical, income and resource requirements for SSI and awarded benefits in May 2014. On May 22, 2014, SSA conducted an SSI eligibility review with BOVE, who claimed to have neither resources nor income since her application date.

45. On February 25, 2015, SSA conducted a "Redetermination for Determining Continuing Eligibility" for SSI with Bove. She claimed to have received no income since her last review in May 2014. She claimed her only resources during the aforementioned period were a bank account at First Niagara Bank with a balance of $16.89 and a 2015 Toyota RAV4. During these interviews with SSA, she failed to disclose that she received numerous checks and wires totaling over $40,000.00 during this time period. These funds were deposited into a Bank of America account

held in the name of CONSTANTINE FAMILY IRREVOCABLE TRUST, Robert H. Bove, Trustee, an account she concealed from SSA.

46. The SSI program requires that beneficiaries inform SSA, within 10 days after the month of any changes in, among other things, employment status, resources, and income, or if the beneficiary buys anything of value. I am advised by SA McNamee-Wicks that, had CONSTANTINE truthfully disclosed her resources as she was required to do, her SSI payments would have been reduced or terminated. CONSTANTINE also failed to inform SSA at any time of her employment with the USPS and her purchase of a second home in South Carolina. Had CONSTANTINE done so, her benefits would have been terminated.

## CONCLUSION

47. Based on the foregoing, there is probable cause to conclude that CONSTANTINE has committed wire fraud and Supplemental Security Income fraud, in violation of Title 18, United States Code, Section 1343 and Title 42, United States Code, Section 1383a.

_____
Postal Inspector Brendan T. Donahue
United States Postal Inspection Service


Sworn and subscribed before me
this __16th__ day of March 2017

_____
HON. DANIEL L. STEWART
UNITED STATES MAGISTRATE JUDGE